# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Sterling Arrington, *on behalf of* Rhondalease Arrington,  )<br> )<br> )<br>                    Plaintiff,  )<br> )<br>v.                                                            )<br> )<br> )<br>Andrew M. Saul, Commissioner of Social )<br>Security Administration,                         )<br> )<br>                    Defendant.  )<br>_____ ) | Civil Action No.: 0:20-cv-00824-JMC<br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"). (ECF No. 22.) The Report addresses Plaintiff's[1] claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("Commissioner"). (*Id.* at 9.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-3.) This matter has an extensive procedural history. As brief background, on remand most recently in 2019, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 13-36 at 13.) The ALJ determined Plaintiff had the

---

[1] Sterling Arrington brings this appeal on behalf of his deceased mother, Rhondalease Arrington.

severe impairments of "an unspecified musculoskeletal disorder and . . . bipolar disorder," with moderate limitations in "interacting with others," concentration, and "adapting or managing oneself." (*Id.* at 8-9.) Yet the ALJ found Plaintiff had the RFC "to perform medium work . . . with frequent operation of hand controls and gross manipulation. She would be further limited to understanding, remembering, and carrying out simple instructions." (*Id.* at 9.) Thereafter, Plaintiff filed the instant action in February 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting it be affirmed. (ECF No. 22 at 9.) First, the Magistrate Judge asserted the ALJ properly accounted for Plaintiff's moderate limitations when formulating the RFC. (*Id.* at 3-5.) Second, the Magistrate Judge observed that the ALJ sufficiently considered the combined impact of Plaintiff's impairments. (*Id.* at 5-7.) Third, the Magistrate Judge concluded substantial evidence supported the determination that Plaintiff retained the ability to sustain her RFC regularly. (*Id.* at 7-8.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 10.) Plaintiff thereafter offered timely objections, contesting each of the Magistrate Judge's findings above. (*See* ECF No. 25.) In response, the Commissioner claims Plaintiff simply rehashes prior arguments, and, regardless, the Magistrate Judge properly recommended affirming the ALJ's decision. (ECF No. 26 at 1-4.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains

with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff brings three primary contentions related to the Report: (1) the ALJ did not adequately explain how Plaintiff's impairments impacted her work; (2) the RFC did not adequately account for her moderate limitations; and (3) the ALJ misjudged the severity of Plaintiff's symptoms. (ECF No. 25 at 1-9.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court concludes Plaintiff's objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 22 at 4-9.) Moreover, Plaintiff's objections substantively mirror the arguments raised in prior briefing, including contentions that: (1) the ALJ failed to "indicate . . . [the] RFC assessment was rooted in a function-by-function analysis of how Plaintiff's impairments impacted her ability to work" (*compare* ECF No. 17 at 16-17, *with* ECF No. 22 at 1-3); (2) the RFC did not adequately account for her moderate limitations (*compare*

4

ECF No. 17 at 16-19, *with* ECF No. 22 at 3-4); and (3) the ALJ incorrectly assessed Plaintiff's symptoms (*compare* ECF No. 17 at 19-20, *with* ECF No. 22 at 4-8). A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments.[2] *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-CV-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 23, 2021
Columbia, South Carolina

---

[2] Even if the court were inclined to rehear Plaintiff's arguments, it would nonetheless be bound by the standard of review—whether substantial evidence supported the ALJ's decision. *Mastro*, 270 F.3d at 176 (explaining that on appeal, the court cannot "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]") (citation omitted). The relatively low bar of substantial evidence appears to support the ALJ's decision here.